UNITED STATE BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

IN RE:                                   )
                                         )
John G. McCormick, et al.,               )        Case No. 06-80976
                                         )        (Consolidated for Administration)
                    Debtors.             )

ORDER DENYING THE NORTH CAROLINA STATE BAR'S AMENDED
REQUEST FOR PAYMENT OF ADMINISTRATIVE EXPENSES

This case came before the court on June 14, 2007 for hearing on the North Carolina State

Bar's Amended Request for Payment of Administrative Expenses. The North Carolina State Bar

("Bar") requests reimbursement, as an administrative expense, for expenditures it made to wind

down the law practice of the debtor John Gregory McCormick ("McCormick").

McCormick was a licensed attorney who practiced law in Chapel Hill, North Carolina,

until he disappeared on July 10, 2006. On July 18, 2006, after learning that McCormick was

missing, the Bar petitioned the Senior Resident Superior Court Judge of the 15B Judicial District

to appoint a trustee to protect the interests of McCormick's clients. On July 21, 2006, Senior

Resident Judge Carl R. Fox appointed attorney Christopher Willett ("Willett") to serve as trustee

of McCormick's Practice. Judge Fox also set forth the duties of the court-appointed trustee,

ordering that "[t]he trustee shall take such actions as are necessary to take possession of any

known client files of [McCormick] and shall notify [McCormick's] clients of [his] abandonment

of his practice and their need to obtain new counsel." In re John McCormick, No. 06-E-336 (N.C.

Sup. July 21, 2006) (order appointing trustee of attorney's law practice). The order further

provided that "[t]he trustee's duties shall include receiving calendar notices and moving for

appropriate continuances in the various courts and any other act necessary to protect and

conserve the practice until all known clients have secured other legal counsel or have chosen to pick up their files." Id. As trustee of McCormick's law practice, Willett has received compensation at the rate of $60 per hour from the Bar. The Bar also reimbursed Willett for his reasonable expenses, which included paying the rent of McCormick's office, the salaries of two paralegals, the publication of legal notices notifying clients to pick up files by a certain date, the shredding of files, and other operating expenses.

On August 7, 2006, an involuntary Chapter 7 bankruptcy proceeding was filed against McCormick (Case No. 06-80976). On October 13, 2006, voluntary Chapter 7 bankruptcy proceedings were filed for McCormick LLC (Case No. 06-81321) and for John G. McCormick, P.A. (Case No. 06-81324). The three cases have been consolidated for purposes of administration.

On February 15, 2007, the Bar filed a Verified Request for Payment of Administrative Expenses ("Request"), asserting that it had an administrative expense claim against McCormick's bankruptcy estate in the amount of $53,870.16 for the expenditures it made protecting the interests of McCormick's clients and winding down McCormick's law practice. The expenditures of the Bar consisted of $49,702.24 that was paid to Willett and $4,167.92 that was paid to a paralegal to conclude the duties of distributing files to McCormick's clients. The Chapter 7 Trustee ("Trustee") objected to the Bar's Request on two bases. The first being that it was unclear what, if any, expenses were incurred by the Bar pre-petition. The second being that the expenditures by the Bar did not constitute an administrative expense claim because they were not actual and necessary to preserve the bankruptcy estate as required by § 503 of the Bankruptcy Code. The Bar agreed to amend its claim to remove any expenditures that were incurred pre-

petition.

On April 9, 2007 the Bar filed an Amended Request for Payment of Administrative Expenses ("Amended Request") and asserted it should be reimbursed for $44,922.95. The Trustee renewed its second objection that the expenditures were not actual and necessary expenses to preserve the bankruptcy estate. This court agrees with the Trustee and denies the Bar's Amended Request for the reasons that follow.

Section 503 allows an administrative expense for "the actual, necessary costs and expenses of preserving the estate." 11 U.S.C. § 503(b)(1)(A) (1975). The Court of Appeals for the Fourth Circuit has adopted a two-part test to determine whether a claim qualifies as an administrative expense. In re Merry-Go Round Enter., Inc., 180 F.3d 149, 157 (4th Cir. 1999). First, the claim "must arise out of a post-petition transaction between the creditor and the [bankruptcy estate]." Id. (quoting Stewart Foods, Inc. v. Broecker (In re Stewart Foods, Inc.), 64 F.3d 141, 145 n. 2 (4th Cir. 1995)). Second, the "consideration supporting the claimant's right to payment must be supplied to and beneficial to the [estate]. . . . " Id. (quoting In re Stewart Foods, Inc., 64 F.3d at 145 n. 2). Section 503(b) should be narrowly construed because "there is a general presumption in bankruptcy cases that all of a debtor's limited resources will be equally distributed among creditors." Id.

The requirement that a claim arise out of a post-petition transaction is rooted in the reference to "estate" in section 503(b)(1)(A). Collier on Bankruptcy ¶ 503.06 (15th ed. rev. 2004). An "estate" does not exist until a bankruptcy petition is filed. 11 U.S.C. § 541(a) (1975). There can be no actual, necessary expense to preserve an estate before the estate exists; therefore, courts have imposed the requirement that a claim for expenses arise from a post-petition

transaction with the estate. <u>Collier on Bankruptcy</u> ¶ 503.06 (15th ed. rev. 2004). This means that the actual acts giving rise to an estate's liability for expenses must occur post-petition-it is not enough that liability accrues post-petition. <u>Id.</u> <u>See also</u>, <u>In re Jartan, Inc.</u>, 732 F.2d 584 (7th Cir. 1984); <u>Pension Benefit Guar. Corp. v. Sunarhauserman, Inc. (In re Sunarhauserman, Inc.)</u>, 126 F.3d 811, 818 (6th Cir. 1997) ('[R]egardless of the substantive law on which the claim is based, the proper standard for determining that claim's administrative priority looks to when the acts giving rise to a liability took place, not when they accrued.").

In this case, the events giving rise to the estate's liability to the Bar all occurred pre-petition. McCormick disappeared and abandoned his law practice on July 10, 2006. The trustee of McCormick's law practice was appointed, at the request of the Bar, on July 18, 2006. McCormick's involuntary Chapter 7 bankruptcy proceeding was not commenced until August 7, 2006. Therefore, the abandonment of McCormick's law practice and the subsequent appointment of a trustee to protect the interests of McCormick's clients, the events that created the estate's liability to the Bar, all occurred pre-petition. The fact that most of the expenditures were made post-petition does not change the analysis. The Bar has not shown that a post-petition transaction with McCormick's estate led to the estate's liability.

In addition to proving that there was a post-petition transaction with the estate, a claimant must also show that it conferred a benefit on the estate before an expense will qualify as an administrative expense. The benefit conferred on the estate must be an actual, concrete benefit-a mere potential benefit is insufficient. <u>Ford Motor Credit Co. v. Dobbins</u>, 35 F.3d 860, 866 (4th Cir. 1994).

The Bar argues that it has bestowed a benefit on the estate in two ways. First, the Bar

– 4 –

asserts that if it had not taken the initiative and had Willett appointed as trustee of McCormick's law practice, the Trustee would have been obligated to protect the interest of McCormick's clients and wind down McCormick's law practice. Therefore, the Bar saved the estate time and money by undertaking an obligation of the Trustee's. The court disagrees. The Bar is an agency of the state of North Carolina that was created to further the administration of justice. N.C. GEN. STAT. § 84-15 (2005). Towards that end, the Bar has been authorized to "apply to appropriate courts for orders necessary to protect the interests of clients of missing, suspended, disbarred, disabled, or deceased attorneys." Id. at § 84-28(j). The Rules of the North Carolina State Bar provide that the secretary of the Bar will request that a senior resident judge of the superior court "appoint an attorney . . . to inventory the files . . . and to take action to protect the interests of the . . . clients" when a member of the Bar disappears. 27 N.C. ADMIN. CODE 01B.0122 (2003). Under these provisions, the Bar has the duty to appoint a trustee in the event an attorney disappears. Once a trustee is appointed, it becomes his duty to protect the interests of the clients of the lawyer who has disappeared. See, e.g., In re John McCormick, No. 06-E-336 (N.C. Sup. July 21, 2006) (order appointing trustee of attorney's law practice) (ordering that "[t]he trustee shall take such actions as are necessary to take possession of any known client files of [McCormick] and shall notify [McCormick's] clients of [his] abandonment of his practice and their need to obtain new counsel." ). There is nothing in the rules governing the Bar, nor the Bankruptcy Code, to indicate that the filing of a bankruptcy petition transfers this duty from the Bar to the Trustee.

The Bar also asserts that it bestowed an actual benefit on the estate by preventing malpractice claims brought by McCormick's clients. The court disagrees. Although it is

possible that the Bar has prevented the filing of malpractice claims against McCormick, and saved the estate the time and expense associated with administering those claims, this potential benefit does rise to the level contemplated by § 503(b).  A claimant must bestow an actual benefit the estate, not just a potential benefit, before the claimant is entitled to an administrative expense.  <u>Dobbins</u>, 35 F.3d at 866.  While the Bar's actions benefitted clients of McCormick, no actual benefit has been conferred on the bankruptcy estate.  <u>In re Allen Care Centers, Inc.</u>, 175 B.R. 397, 399 (D. Or. 1994) (holding that possibility that claimant had prevented tort claims against the estate did not suffice because it was a potential benefit, not an actual one).

The Bar has not shown that it meets either requirement of an administrative expense. Therefore, the Trustee's objection is sustained and the Bar's Amended Request for Payment of Administrative Expenses is denied.  The Bar will be allowed an unsecured, nonpriority claim for the expenditures it incurred in winding down McCormick's law practice.

IT IS SO ORDERED.

This 18th Day of June 2007.

_William L. Stocks_
WILLIAM L. STOCKS
United States Bankruptcy Judge

SERVED ON ALL PARTIES IN INTEREST